PHYLLIS SEIDELMAN, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 30724.)

Court of Claims, February 13, 1952.

*Frederick E. M. Ballon* and *Philip B. Sahn* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Donald C. Glenn* of counsel), for defendant.

SYLVESTER, J. By this motion, the State seeks an order dismissing the claim on the ground that it fails to state a cause of action and on the further ground that the court does not have jurisdiction to entertain it. The claim for damages rests upon a violation of section 51 of the Civil Rights Law, and alleges, in substance, that the State published and circulated claimant's picture for trade and advertising purposes without consent.

Section 50 and the pertinent part of section 51 of the Civil Rights Law, read:

"§ 50. *Right of privacy.* A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor."

" § 51. *Action for injunction and for damages.* Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the persons, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by the last section, the jury, in its discretion, may award exemplary damages."

It is urged, as a rule of statutory construction, that tort liability for the violation of a general statute does not apply to the Government where it is not named in the statute. This is taken to mean that unless the enactment by its terms expressly includes mention of the State's liability for its violation, action against the State would not lie. It is said that the State is not bound by any statute which delimits its sovereignty, except by unmistakable legislative intent to the contrary. But, it is to be remembered that the State has waived its immunity and consented that its liability may be determined in the same manner as in actions against individuals or corporations (Court of Claims Act, § 8).

It is recognized, however, that there are functions of Government that reside solely in the power of the State to exercise and administer which remain unaffected by the waiver of immunity statute. On the other hand, the State is empowered to undertake activities that smack of private enterprise and which are the subject of commercial venture by private persons. The difference in character between the one and the other suggests a rule of liability which finds logical support for its validity. The distinction was indicated in *Newiadony* v. *State of New York* (276 App. Div. 59, 61) where it was said, per BERGAN, J.: "The analogy between a government and an individual or corporation has some inherent limitations which the Legislature could not have overlooked in its revision of the Court of Claims Act. There are some kinds of activities in which no private citizen engages which are functions characteristic of a sovereign. No private citizen undertakes to supress an insurrection or defend the State against invasion, break up riots, and restore public order. (See Military Law, § 9.) No corporation provides and equips a militia and puts it in the field. These are State functions and sovereign duties; and when their nature is exam-

ined the analogy to private persons disappears. \* \* \* It is commonly regarded that no liability arises from the public acts of the executive and judicial officers of the State exercised within the frame of their constitutional and legal powers. And when a general waiver of immunity and assumption of liability are related to cases where liability may be incurred in private activities, they could not attach themselves to the kind of function which has no private warrant or existence.''

In the instant case, the State operated a skiing facility for a fee. It may not be disputed that it is the kind of business that engages the attention of private enterprise and, therefore, may not be stamped as an activity '' in which no private citizen engages which are functions characteristic of a sovereign.'' That being so, it partakes of a character that seemingly brings it within the terms of the waiver of immunity statute (Court of Claims Act, § 8) by which, as was said in *Newiadony* v. *State of New York, supra,* p. 60) : ''It [the State] waives immunity as to ' liability and action '; but only where an individual or corporation would be required to answer to an action for the same thing.''

It is further argued that the State cannot be guilty of a violation of section 50 which is defined as a misdemeanor; and that since section 51 gives rise to a civil remedy for a violation of section 50, it does not create a cause of action for damages against the State. This view of section 51 is in conflict with a reasonable reading of its language. The statute is entitled to a construction that will give adequate expression to the legislative policy. True it is that by section 50 the user of the unauthorized publication is made criminally culpable. Nevertheless, it is instinct in the legislation that the penal liability is not an indispensable concomitant of the civil cause of action. Section 51, read independently of section 50, makes it actionable in a suit for damages to use a portrait for advertising purposes without written consent first obtained. To paraphrase it, the legislation does not say that only one who may be held guilty of a misdemeanor is also answerable in damages. Rather, section 51 completely and by its own terms describes the prohibited conduct and authorizes the civil suit. To say that the State may with impunity disregard its proscription is to suggest an incongruous construction of the act in disregard of fundamental justice.

Motion denied. Submit order.